UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABA BEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO GARCIA,<br><br>　　　　　Defendant. | No. 1:20-cv-00795-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DEFENDANT'S MOTION TO QUASH AND TO DISMISS BE GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE<br><br>(ECF No. 7)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MEMORANDUM OF PLEADINGS, MOTIONS, AND NOTICE OF DEFAULT, IN RE, ANSWER TO COMPLAINT AND SUMMONS BE DENIED,<br><br>(ECF No. 6)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE ORDERED TO SERVE HIS COMPLAINT WITHIN THIRTY (30) DAYS<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Kaba Bey ("Plaintiff"), proceeding *pro se*, filed the complaint beginning this action on June 8, 2020. (ECF No. 1). The complaint appears to allege that Defendant Francisco Garcia ("Defendant") violated Plaintiff's rights by citing Plaintiff for driving with a Moroccan driver's license. Before the Court are Defendant Francisco Garcia's ("Defendant's") motion to quash service of process and to dismiss or for a more definite statement, (ECF No. 7), and

1

1 Plaintiff's memorandum of pleadings, motions, and notice of default, (ECF No. 6).

2 The motion for a default judgment is before the Court for findings and recommendations pursuant to Local Rule 302(c)(19). District Judge Drozd referred Defendant's motion to the undersigned on August 25, 2020. (ECF No. 8). For the following reasons, the Court recommends granting Defendant's motion to quash service and denying Plaintiff's motion for a default judgment.

**I.   PROCEDURAL BACKGROUND**

The initial complaint was filed on June 8, 2020, and summons were issued on June 10, 2020. (ECF Nos. 1, 2). On August 10, 2020, Plaintiff filed an amended complaint (ECF No. 4), a motion for summary judgment (ECF No. 5), and a motion for a default judgment (styled as a "Memorandum of pleadings, motions, and Notice of Default, in re, answer to Complaint and summons") (ECF No. 6).

The motion for summary judgment contained an "Affidavit of Fact," which discusses service:

> Affiant, Kaba Bey, affirms for the record Default of Notice and Summary Judgment were transmitted to all Parties in regards to Case No. 1:20-CV-00795-NONE-EPG.
>
> Service was provided by the United States Postal Service (Office) on the Date, August 5, 2020, at the Locality Tulare California 93274.

(ECF No. 5 at 3).

The motion for a default judgment contains a page entitled "Return of Service." It states the "Name of Server" is "Manuel L Gomez," with the title "Clerk." It indicates it was served via "U.S [sic] Postal Service (office)". (ECF No. 6 at 3).

On August 14, 2020, Defendant filed a motion to quash service of process and to dismiss the first amended complaint or for a more definite statement. (ECF No. 7). That documented contained a memorandum of points and authorities. (*Id.* at 3).

On August 25, 2020, Plaintiff lodged a document styled as a second amended complaint. (ECF No. 9). The second page therein is entitled "In Reference to Memorandum of Points and Authorities" and discusses some of Defendant's arguments. (*Id.* at 2). The final page purports to

be a proof of service. It is unsigned. It states that "I, Isiah Lujan . . . served the foregoing [document] . . . on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, to be deposited in the United States mail at Tulare, California the same day [August 21, 2020], addressed as follows; [sic] . . . ." It includes an address for the Court Clerk, for Defendant's counsel, and for Defendant.[1]

On August 26, 2020, Plaintiff filed a "Notice of error in Second amended Complaint to be construed as the following." (ECF No. 10). It contains a proof of service substantially the same as the August 25, 2020 filing.

Defendant has not responded to Plaintiff's lodged second amended complaint or notice of errata.

**II.    MOTION TO QUASH SERVICE OF PROCESS**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

Federal Rule of Civil Procedure 4(e) governs the way to serve process on individuals in the United States:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

---
[1] The Court takes no position as to whether Defendant's address is correct.

3

>    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>    (2) doing any of the following:
>       (A) delivering a copy of the summons and of the complaint to the individual personally;
>       (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>       (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Defendant moves to quash service of process due to Plaintiff's failure to comply with Rule 4, shifting the burden to Plaintiff. *See Brockmeyer*, 383 F.3d at 801.

Plaintiff has not filed a timely opposition to Defendant's motion. However, the Court will construe Plaintiff's second amended complaint to be an opposition to Defendant's motion, as it appears to address some of the issues. Plaintiff argues:

> It is hereby declared, Kaba Bey, does agree to transmit any and all Documents, ordered, to be filed with the United States District Court, Eastern District of California, regarding this matter, to the Person Gary P. Dufour, a Person of Interest. In return such person shall in no way Threaten or attempt to cause unnecessary delay in the matter by any way acting in a Private Capacity or in the Capacity of a Professional Corporation.

(ECF No. 9 at 3).

Plaintiff's statement does not establish that service was made properly under Rule 4. In addition, Plaintiff has also not filed proof of having delivered a copy of the summons to Defendant at any time, nor is there any evidence that the complaint was delivered in any manner permitted by Rule 4. At most, the docket reflects that Plaintiff mailed certain documents to Defendant and his counsel via the postal service. That is not a method of service permitted by Rule 4(e)(1) as a method permitted in California. *See* Cal. Code Civ. P. §§ 415.10-415.95 (listing acceptable methods of service of process). Nor is it a method of serving process under Rule 4(e)(2).

Neither Plaintiff's arguments nor filings meet his burden to show he accomplished service of process. Therefore, the Court recommends granting Defendant's motion to quash.

4

### III. MOTION TO DISMISS UNDER RULE 12(B)(6)

Defendant also argues that the complaint should be dismissed for failure to state a claim under Rule 12(b)(6). In light of the Court's recommendation regarding Defendant's motion to quash, the Court recommends denying this request without prejudice.

### IV. MOTION FOR DEFAULT JUDGMENT

Plaintiff has filed a motion for default judgment.  However, personal jurisdiction is necessary for a default judgment. Without sufficient service or a waiver thereof, the Court lacks personal jurisdiction over defendant. *See S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."); *Pac. Atl. Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985) ("Since a judgment entered by a court without personal jurisdiction over the parties is void, we reverse and remand with instructions to set aside the default judgment against Merchant and Bank as void for lack of personal jurisdiction.").

For the same reasons as the Court recommends granting the motion to quash, the Court finds that Defendant has not been served. As such, Plaintiff's motion for a default judgment should be denied.[2]

### V. FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1) Defendant's motion to quash and to dismiss (ECF No. 7) be GRANTED IN PART, to the extent Defendant seeks quash service of process, and DENIED IN PART WITHOUT PREJUDICE, to the extent Defendant seeks to dismiss for failure to state a claim;

2) Plaintiff's motion for default (ECF No. 6) be DENIED; and

3) Plaintiff be ordered to serve his complaint within thirty (30) days following the

---

[2] In addition, Plaintiff has failed to comply with Federal Rule of Civil Procedure 55, which requires obtaining an entry of default by the clerk before a default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *see also Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "two-step process of 'Entering a Default' and 'Entering a Default Judgment'" and citing Fed. R. Civ. P. 55(a)-(b)); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("[Plaintiff] apparently fails to understand the two-step process required by Rule 55.").

5

District Judge's entry of an order.[3]

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2020**         /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").