# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABA BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO GARCIA,<br><br>    Defendant. | No. 1:20-cv-00795-NONE-EPG<br><br>ORDER CONSTRUING SECOND AMENDED COMPLAINT AS MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING MOTION<br><br>(ECF No. 9)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO QUASH AND TO DISMISS BE GRANTED<br><br>(ECF No. 17)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Kaba Bey ("Plaintiff"), proceeding *pro se*, filed the complaint commencing this action on June 8, 2020, (ECF No. 1) and a first amended complaint on August 10, 2020, (ECF No. 4). Plaintiff lodged a second amended complaint on August 25, 2020 without leave of the Court or the opposing party's written consent. (ECF No. 9). Each of these complaints concern Plaintiff's allegations that he was cited for driving without a valid California license even though he possesses a license from Morocco.

Defendant Francisco Garcia ("Defendant") filed a motion entitled "Motion to Quash Service of Process, Motion to Dismiss the Second Amended Complaint and/or for More Definite

1

Statement" on November 24, 2020. (ECF No. 17). District Judge Dale A. Drozd assigned Defendant's motion to the undersigned. (ECF No. 18). Plaintiff did not file any response to Defendant's motion.

For the foregoing reasons, the Court (1) construes Plaintiff's second amended complaint (ECF No. 9) as a motion for leave to amend and grants that motion; and (2) recommends granting Defendant's motion to quash and to dismiss (ECF No. 17) and dismissing this case with prejudice.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed the complaint commencing this action on June 8, 2020. (ECF No. 1). The clerk of court issued a summons for Defendant on June 10, 2020. (ECF No. 2).

On August 10, 2020, Plaintiff filed a first amended complaint, a motion for summary judgment, and a motion for default judgment. (ECF Nos. 4-6). The final page of Plaintiff's motion for summary judgment was entitled "Affidavit of Fact," and stated that "Service was provided by the United States Postal Service (Office) on the Date, August 5, 2020, at the Locality Tulare California 93274." (ECF No. 5 at 3). The document was signed under penalty of perjury by Kaba Bey.

The final page of Plaintiff's motion for a default judgment purported to be a return of service. It was signed by "Manuel L. Gomez," with the title "Clerk," and stated that it was served via "U.S. Postal Service (office)" on July 1, 2020, with the server's address being "340 E Tulare." (ECF No. 6 at 3).

Defendant filed a motion to dismiss and to quash service of process on August 14, 2020. (ECF No. 7). On August 25, 2020, Plaintiff lodged a second amended complaint, without the Court's leave to amend and then filed a notice of errata the following day. (ECF No. 9-10).

The Court recommended granting the motion to quash, denying the motion to dismiss, and ordering Plaintiff to serve his complaint within thirty days. (ECF No. 13). The assigned district judge adopted the recommendations on October 14, 2020. (ECF No. 15).

On November 18, 2020, Plaintiff filed a document entitled "Order dated October 20, 2020 to serve Summons and Complaint within 30 days." (ECF No. 16). The final page was entitled "Proof of Sufficient Service." It states:

> On the Date, 11-4-2020, I, Kaba Bey, Personally transmitted notice of complaint and summons, ordered by District Judge Dale A. Drozd, on the date, 10-20-2020.
>
> Pursuant to Federal Rules of Civil Procedure 4(e), Serving an Individual within a Judicial District of the United States and Federal Rules of Civil Procedure 5(b)(2)(b)(i) , is sufficient notice under this Rule.
>
> I hereby declare in accordance with the aforesaid, I am Personally leaving the Summons and Complaint at the Person's office, City of Tulare Police Department, on the Date, 11-4-20, with agent, C. Yancy #82, or if no one is in charge in a conspicuous place in the Office or building known as City of Tulare Police Department, 260 M. Street, Tulare , California 93274.
>
> Notice all Persons are advised any intention to delay equal justice to be rendered shall be held liable in any court of law having Jurisdiction over the matter, failure to notify Francisco Garcia of the matter is deemed an obstruction of Justice and will be treated as such.
>
> Notice to the Principal is Notice to the Agent Notice to the Agent is Notice to the Principal
>
> [signed] Kaba Bey
>
> I affirm the notice of Summons and Complaint were personally delivered, I am.
>
> 11-4-2020.

(ECF No. 16 at 6) (brackets added).[1]

On November 24, 2020, Defendant filed a motion to quash service of process; motion to dismiss the second amended complaint and/or for more definite statement. (ECF No. 17). In short, Defendant argues that he was never properly served and that Plaintiff's second amended complaint fails to state a claim. The motion was referred to the undersigned for findings and recommendations. (ECF No. 18).

## II.     SUMMARY OF COMPLAINTS

### A.     First Amended Complaint

The first amended complaint alleges as follows:

Plaintiff begins by quoting[2] various portions of the United States Constitution; the Articles

---

[1] Unless otherwise noted, all quotations from Plaintiff's filings are as in the original.
[2] The Court has not independently verified the quotations for their accuracy.

3

of Confederation; the "Treaty of Peace and Friendship 1787 Between Morocco and the United States;" and 28 U.S.C. sections 1332 and 1441(b)(1).

Under the heading "Statement of Claim," Plaintiff alleges that on October 28, 2019, Defendant noticed Plaintiff traveling by automobile with foreign license plates. Defendant claimed not to recognize documents or instruments issued under Moroccan law and that Plaintiff must have a California license plate and California driver's license. "Affiant is Entitled to the Injunction or other relief sought, in accordance with the United States Codes Title 18 Section 242, Deprivation of Rights under Color of Law, Title 18 Section 1584, Sale into involuntary servitude."

Plaintiff is a Moroccan citizen, and Defendant has violated various laws. "Resulting in the Unlawful Search and seizure of private property, Deprivation of Rights under Color of Law and Sale into Involuntary Servitude."

**B.    Second Amended Complaint**

The second amended complaint alleges as follows:

There exists some type of relationship between Plaintiff and Charles Fredrick Lujan, "a fictitious Plaintiff." Plaintiff "proclaims the 14th Amendment does not apply to any Free White Person being a Citizen of Morocco the Empire."

It is a war crime to obstruct the laws of the Free National Government of Morocco and causing injury to the citizens thereof.

"By Treaty, Treaties, or Prove in this case Kaba Bey, being a Free White Person, declared on oath or affirmation his intention to become a citizen of the United States, in any court of the United States and to renounce forever all allegiance and fidelity to Morocco the Empire."

Plaintiff agrees to transmit documents concerning this matter to the Court. However, Defendant's counsel "shall in no way Threaten or attempt to cause unnecessary delay in the matter[.]"

On or about October 28, 2019, Defendant alleged that it was a crime to drive in California without a valid California driver's license. Plaintiff presented a valid Moroccan driver's license to Defendant. However, Defendant hindered Plaintiff's movement due to Plaintiff's Moroccan license plate and driver's license.

4

Plaintiff alleges that he was "Deliberately Deprived of rights under color of Law, protected by the Constitution in accordance with Treaties made under the Authority of the United States." Plaintiff seeks to have "Private Property returned" and a declaration that "Citizens of Morocco the empire" may drive with a Moroccan driver's license.

### III. OPERATIVE COMPLAINT

Plaintiff filed his second amended complaint without leave of the Court on August 25, 2020—eleven days after Defendant filed his first motion to quash service of process and motion to dismiss.

Federal Rule of Civil Procedure 15(a) concerns amending complaints before trial:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>   (A) 21 days after serving it, or
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

"A district court shall grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The policy "is to be applied with extreme liberality." *Id.* "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff's second amended complaint was not made as a matter of course because he had already amended his complaint once before. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff did not seek the opposing party's written consent or the Court's leave before amending. However, Plaintiff is *pro se*. Moreover, there is no prejudice to the opposing party because the litigation is at an early stage and Defendant has moved to dismiss the second amended complaint. Therefore, the Court will construe Plaintiff's second amended complaint as a motion for leave to amend complaint, which the Court grants. *See Selck v. Cty. of Sacramento*, No. 2:18-cv-2447-JAM-EFB (PS), 2019

WL 4259753, at *4 (E.D. Cal. Sept. 6, 2019), *report and recommendation adopted*, 2019 WL 5102152 (E.D. Cal. Oct. 11, 2019) ("The court construes the amended complaints as motions for leave to amend the complaint."); *Kellogg v. Wilson*, No. 17-CV-01505-BAS-JLB, 2017 WL 6389847, at *1 n.1 (S.D. Cal. Dec. 14, 2017) (construing *pro se* plaintiff's amended complaints as motions for leave to amend).

## IV.    SERVICE OF PROCESS

Defendant argues that Plaintiff has never effected service of process in a manner permitted by Federal Rule of Civil Procedure 4. (ECF No. 17 at 5). Defendant is correct.

The Court, in its findings and recommendations, quoted Rule 4(e) to Plaintiff, (ECF No. 13), and on October 20, 2020, the Court ordered Plaintiff to effect service of process within thirty days, (ECF No. 15).

Plaintiff has since filed a document that purports to be proof of service, but it is not. The Court thus recommends granting Defendant's motion to quash service of process.

### A.    Manner of Service

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

Federal Rule of Civil Procedure 4(e) governs the way to serve process on individuals in the United States:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

6

>  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>  (2) doing any of the following:
>  (A) delivering a copy of the summons and of the complaint to the individual personally;
>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Defendant moves to quash service of process due to Plaintiff's failure to comply with Rule 4. Defendant filed a declaration of Melissa Hermann, Deputy City Clerk for the City of Tulare, which states she "verified that no copy of [Plaintiff's Proof of Sufficient Service] document has ever been received by way of U.S. Mail or any other method," except when it was dropped off to Corporal Yancy at the Tulare Police Department. (ECF No. 17-1 at 2). Plaintiff has thus shifted the burden to Plaintiff. *See Brockmeyer*, 383 F.3d at 801.

Plaintiff has not filed a timely opposition to Defendant's motion. Plaintiff's Proof of Sufficient Service, (ECF No. 16 at 6), does not establish that Plaintiff served the complaint in accordance with Rule 4(e). It indicates that Plaintiff personally left the summons and complaint at one of two locations. (ECF No. 16, at p. 6 ("I am Personally leaving the Summons and Complaint at the Person's office, City of Tulare Policy Department, on the Date, 11-4-20, with agent, C. Yancy #82, or if no one is in charge in a conspicuous place in the Office or building known as City of Tulare Policy Department, 260 M. Street, Tulare, California 93274"). Plaintiff does not explain how this complied with state law for serving a summons. It does not indicate that Plaintiff delivered a copy of the summons and the complaint to the defendant personally. It does not indicate that copies were left at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there. It also does not indicate that copies were delivered to an agent authorized by appointment or by law to receive service of process.

Moreover, delivering the summons and complaint to another person at a defendant's business does not constitute service on an individual in California. *See* Cal. Code Civ. P. §§

415.10-415.95 (listing acceptable methods of service of process).

Therefore, the Court finds that service has not been conducted in accordance with Rule 4. The Court recommends granting Defendant's motion to quash service of process.

Because dismissal based on a failure to properly serve a party is without prejudice, the Court will also address Defendant's arguments regarding the sufficiency of Plaintiff's claims to determine if Plaintiff's claims should be dismissed with prejudice. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

**V.      MOTION TO DISMISS**

**A.      Defendant's Argument**

In addition to moving to quash service of process, Defendant moves to dismiss the second amended complaint on two bases. (ECF No. 17 at 5-6). First, Plaintiff's proper remedy for an improper traffic citation was to use state courts. Second, "Plaintiff's ongoing references to inapposite Treaties from 1787, various federal criminal statutes and vague inferences related to the Constitution are insufficient to state a claim against Defendant and must be dismissed." (*Id.* at 6).

**B.      Legal Standard**

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Iqbal*, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in *Conley*, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**C.     Application**

First, Defendant argues that Plaintiff's proper recourse was through California state courts. Defendant cites to *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) for this point. That case holds that state torts do not present claims under 42 U.S.C. § 1983:

> It is well settled that section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979). The Due Process Clause does not, by its own force, extend

> individuals a right to be free of injury wherever a state is characterized as the tortfeasor. The Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405, 413 (1976). In order to achieve constitutional import, there must be a deprivation of a protected interest. *Davidson v. Cannon,* 474 U.S. 344, ——, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677, 683 (1986). Consequently, although appellants speak primarily in terms of traditional tort law concepts, they essentially claim a deprivation of liberty without due process.

*Johnson*, 799 F.2d at 1399.

The case does not hold that all—or any—federal claims must be brought in state courts. Instead, it discusses that violations of state law are not inherently federal violations. In addition, the case does not discuss whether federal courts are the proper forum for alleging state officers violated international treaties, which is what Plaintiff alleges happened here. Thus, *Johnson* does not clearly establish Defendant's argument.

While the Court has misgivings about proceeding with a federal claim regarding a state traffic ticket and collateral consequences, Defendant has not set forth sufficient legal authority to dismiss the case on this basis.

Next, Defendant argues that Plaintiff's references to treaties, criminal statutes and the Constitution do not state a federal claim. Defendant cites to *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). In that case, the plaintiff sued various prison officials and the former California attorney general, alleging he was wrongfully imprisoned because the statute under which he had been convicted was found to be unconstitutionally vague. Page 1067, to which Defendant cites, concerns the standard of review and the procedural background. The opinion itself focuses on prosecutorial and qualified immunity.

While the Court does not find this one citation sufficiently on point because the issues in *Cousins* do not arise here and the pincite was not relevant, Defendant's underlying legal argument is correct, and the Court recommends dismissing Plaintiff's claims on this basis.

Both of Plaintiff's amended complaints hinge on his view that as a Moroccan citizen, he is not subject to any state law requiring valid driver's licenses. (*See, e.g.,* ECF No. 9 at 6) ("Plaintiff seeks . . a memorandum affirming Citizens of Morocco the empire, when driving upon a highway and requested to show proof of a driver's license, do not Violate the Law(s) of the

United States or any State thereof by presenting a foreign driver's license in their immediate possession issued under the Jurisdiction of the Al Moroccan Empire."). Plaintiff is incorrect. As another court in this district has recently stated:

> The complaint alleges that the defendants' actions violated the Treaty of Peace and Friendship between the United States and Morocco of 1787. (Compl. (ECF No. 1) at 4.) As found by many courts, this claim is frivolous. *See, e.g., El-Bey v. North Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D. N.C. Jan. 9, 2012) ("any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous"); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 558 (D. N.J. 2011) ("a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous.").

*Bey v. Saucedo*, No. 2:19-cv-2113-TLN-DB (PS), 2020 WL 1640000, at *3 (E.D. Cal. Apr. 2, 2020), *report and recommendation adopted*, 2020 WL 3840774 (E.D. Cal. July 8, 2020). Many other courts have reached the same conclusion. *See, e.g., Bey v. Linder*, No. 2:19-cv-1745-TLN-DB (PS), 2020 WL 5110357, at *3 (E.D. Cal. Aug. 31, 2020), *report and recommendation adopted,* 2020 WL 6887632 (E.D. Cal. Nov. 24, 2020) (same); *Pitt-Bey v. D.C.*, 942 A.2d 1132, 1136 (D.C. 2008) ("As its title indicates, the treaty is one of 'Peace and Friendship' between the sovereign states of Morocco and the United States, and it provides that subjects or citizens of each country will be held safe by the other, as well as a protocol for any confrontations that might arise between the two countries while at sea, during trade or battle. It does not contain any language suggesting that the United States, or any state or territory therein, does not have jurisdiction over a person violating the law within its jurisdiction. Therefore, this treaty has no bearing on this case." (citations omitted)). The District of New Jersey also discussed this type of claim in depth in *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D. N.J. 2011). After diving into the history of complaints of individuals stating they were not subject to United States laws and showing where forms for such complaints can be found, *id.* at 539-47, the Court noted that the plaintiffs' claim—that the Treaty of Peace and Friendship 1787 somehow provides legal rights in connection with their payments on their mortgage—was frivolous, *id.* at 557-58.

Here, Plaintiff's second amended complaint refers to unnamed treaties, apparently between the "Moors" and the "United Colonies, now the United States." (ECF No. 9 at 2).

Reading the second amended complaint together with Plaintiff's other filings, it is clear that Plaintiff is relying on the Treaty of Peace and Friendship, as Plaintiff explicitly refers to that treaty in his other complaints (*see* ECF Nos. 1 at 2; 4 at 2), and in filings after his second amended complaint, (*see* ECF No. 14 at 1) ("Drozd, in violation of Article 21 Treaty of Peace and Friendship 1787 Between Morocco and the United States.").

Plaintiff also refers to 18 U.S.C. § 3231. (ECF No. 9 at 5). That law provides district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "However, this jurisdictional provision does not amount to authorization of a federal private right of action any time a civil plaintiff invokes a federal criminal statute." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (concerning section 3231). Therefore, Plaintiff does not state a claim thereunder.

Plaintiff's second amended complaint does not state a valid federal cause of action. Instead, it depends on a legally incorrect view that he is not bound by United States laws because of a treaty between the United States and Morocco. Plaintiff is incorrect, and his various citations do not establish otherwise. Therefore, the Court recommends dismissing Plaintiff's second amended complaint with prejudice.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's lodged second amended complaint (ECF No. 9), construed as a motion for leave to amend, is GRANTED as to the second amended complaint.

Additionally, it is HEREBY RECOMMENDED that:

1) Defendant's motion to quash and to dismiss (ECF No. 17) be GRANTED;
2) Plaintiff's first amended complaint be DISMISSED, WITH PREJUDICE; and
3) The Clerk of Court be directed to close this case.

Notably, the Court does not recommend granting further leave to amend. Plaintiff has now filed two amended complaints. Moreover, Plaintiff's critical legal assumption regarding whether he must abide by the laws in this country is without justification and cannot be cured by amendment. Additionally, Plaintiff has failed to file any opposition to Defendant's motion.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 4, 2021**                         /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE